Slip Op. 11- 129

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| **NTN BEARING CORPORATION OF AMERICA, NTN CORPORATION, NTN BOWER CORPORATION, AMERICAN NTN BEARING MANUFACTURING CORP., NTN-BCA CORPORATION, and NTN DRIVESHAFT, INC.,**<br><br>Plaintiffs,<br><br>and<br><br>**JTEKT CORPORATION, and KOYO CORPORATION OF U.S.A.,**<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>**UNITED STATES,**<br><br>Defendant,<br><br>and<br><br>**THE TIMKEN COMPANY,**<br><br>Defendant-Intervenor. | **Before: Timothy C. Stanceu, Judge**<br><br>**Court No. 10-00286** |

**OPINION AND ORDER**

[Granting plaintiffs' motion for leave to amend the complaint.]

Dated: October 17, 2011

*Kevin Michael O'Brien*, *Christine M. Streatfeild*, *Kevin J. Sullivan* and *Steven Michael Chasin*, Baker & McKenzie, LLP, of Washington, DC, and *Diane Alexa MacDonald*, Baker & McKenzie, LLP, of Chicago, IL, for plaintiffs.

*Neil R. Ellis*, *Jill Caiazzo*, *Lawrence R. Walders* and *Rajib Pal*, Sidley Austin, LLP, of Washington, DC, for plaintiff-intervenors.

*L. Misha Preheim*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With him on the briefs were *Tony*

*West*, Assistant Attorney General, *Jeanne E. Davidson*, Director and *Patricia M. McCarthy*, Assistant Director.

*Geert M. De Prest*, *Terence P. Stewart*, *Lane S. Hurewitz* and *William A. Fennell*, Stewart and Stewart, of Washington, DC, for defendant-intervenor.

Stanceu, Judge: In this action, plaintiffs NTN Bearing Corporation of America, NTN Corporation, NTN Bower Corporation, American NTN Bearing Manufacturing Corp., NTN-BCA Corporation, and NTN Driveshaft, Inc. (collectively "NTN" or "plaintiffs") contest the final determination issued by the International Trade Administration, U.S. Department of Commerce ("Commerce" or the "Department"), to conclude a set of administrative reviews of antidumping duty orders on ball bearings and parts thereof from France, Germany, Italy, Japan, and the United Kingdom and the Department's decision to issue liquidation instructions to U.S. Customs and Border Protection fifteen days after the issuance of the Final Results. Compl. ¶¶ 19-34, *Ball Bearings & Parts Thereof From France, Germany, Italy, Japan, & the United Kingdom: Final Results of Antidumping Duty Admin. Reviews, Final Results of Changed-Circumstances Review, & Revocation of an Order in Part,* 75 Fed. Reg. 53,661 (Sept. 1, 2010) ("*Final Results*").

Defendant moved to dismiss the third count in NTN's complaint, in which NTN claimed that Commerce may have made "programming, clerical, or methodological errors that can only be determined by reference to the confidential administrative record." Compl. ¶ 34, Def.'s Mot. to Dismiss (Nov. 22, 2010), ECF 39. Plaintiffs moved to amend their complaint to restate the claim in the third count, seeking to claim that an error actually occurred when Commerce calculated NTN's credit expenses using incorrect data that NTN, in response to a request by Commerce, subsequently updated and that "included revised dates of payment for sales transactions for which NTN received payment between the original questionnaire response and the supplemental questionnaire response." Pls.' Mot. for Leave to Amend the Compl. &

Proposed Amended Compl. ¶ 34 (Feb. 1, 2011), ECF 54.  Defendant and Defendant-intervenor

oppose, on the ground of futility, plaintiffs' motion to amend the complaint, arguing that NTN

could have, but did not, present to the Department during the administrative reviews its objection

to the alleged error and thereby failed to exhaust its administrative remedies.  Def.'s Opp. to Pls.'

Mot. for Leave to Amend (Feb. 22, 2011), ECF 59; Timken's Opp. To NTN's Mot. for Leave to

Amend Compl. (Feb. 22, 2011), ECF 60.

As directed by USCIT Rule 15(a)(2), "[t]he court should freely give leave" to amend a

pleading "when justice so requires."  Allowing or denying a motion to amend the complaint is

within the sound discretion of the court, and in exercising that discretion, a court may consider,

*inter alia*, whether the amendment sought would be futile and whether allowing leave to amend

would prejudice the other parties to the case.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In

the absence of any apparent or declared reason—such as . . . undue prejudice to the opposing

party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought

should, as the rules require, be 'freely given.'"); *see also Intrepid v. Pollock*, 907 F.2d 1125,

1128 (Fed. Cir. 1990); 6 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice

and Procedure § 1487, at 701 (3d ed. 2010).  Denying relief on a claim for failure to exhaust

administrative remedies is also a matter for the court's discretion, *see* 28 U.S.C. § 2637(d)

(2006), and the court may consider whether an exception to the requirement to exhaust

administrative remedies applies on the particular facts.[1]  In exercising that discretion, the court

concludes that it is appropriate to allow the amendment without reaching the issue of whether

---

[1] Recognized as exceptions to exhaustion requirement are situations in which: (1) the argument is based on pure question of law, (2) there has been a lack of timely access to the confidential record, (3) a judicial decision rendered subsequent to the administrative determination materially affecting the issue, and (4) raising the argument before the agency would have been futile.  *See Gerber Food (Yunnan) Co. v. United States*, 33 CIT __, __, 601 F. Supp. 2d 1370, 1377 (2009).

relief on the new claim would be precluded by the exhaustion requirement. In this way, both the court and the parties will have resort to the administrative record as it may relate to the exhaustion issue and any exceptions. Accordingly, the court need not, and does not, conclude at this time that the amendment to the complaint would be futile. Moreover, the court discerns no prejudice to the other parties that would result from allowing the amendment. All parties will have the full opportunity to address the exhaustion issue, as well as the other issues in this case, in the briefing required by USCIT Rule 56.2.

For the above-stated reasons, the court will grant plaintiffs' motion for leave to amend the complaint.

### ORDER

Upon consideration of defendant's motion to dismiss, plaintiffs' response, defendant's reply, plaintiffs' motion for leave to amend the complaint, defendant and defendant-intervenor's opposition, and all other papers and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that plaintiffs' motion to amend the complaint be, and hereby is, GRANTED; it is further

**ORDERED** that plaintiffs' amended complaint, as submitted on February 1, 2011, is deemed filed; it is further

**ORDERED** that defendant's motion to dismiss, as filed November 22, 2010, be, and hereby is, denied as moot; it is further

**ORDERED** that plaintiffs' motion for oral argument on the motion to dismiss, as filed on February 24, 2011, be, and hereby is, denied as moot; and it is further

**ORDERED** that, pursuant to the joint status report filed January 26, 2011, motions for judgment on the agency record shall be filed within 60 days of the date of issuance of this Opinion and Order, response briefs shall be filed 60 days after the service of briefs in support of motions for judgment on the agency record, and reply briefs shall be filed within 30 days of the service of the response briefs.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: October 17, 2011
New York, New York